UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-587-H

FAY AUTRY                                                     PLAINTIFF

V.

STEPHEN M. JOHNSON, et al.                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Fay Autry, seeks a review of a federal arbitration award upholding the appointment of Charles Allen as the Randolph Sheppard vendor-manager for the Fort Knox food service operations. Plaintiff was an unsuccessful applicant. This Court's role is to determine whether the federal Arbitration Decision dated October 23, 2003, was arbitrary, capricious or amounted to an abuse of discretion. The evidence in the record clearly demonstrates that it was not.

I.

Most of the events at issue occur within the context of the Randolph Sheppard Act, 20 U.S.C. § 101, *et seq*. (the "Act") which, among other things, is designed to provide employment opportunities for blind persons. The Office for the Blind (the "Office") under the Kentucky Education Cabinet had overall responsibility for numerous employment programs for blind persons. Within the Office for the Blind, the Division of Kentucky Business Enterprises ("KBE") directly administered these programs. Stephen Johnson was the Director of the KBE.

As part of its efforts to secure opportunities for the blind, Mr. Johnson made extensive

efforts over several years to obtain the food vendor concession at the Fort Knox military base. Eventually, he succeeded in obtaining Defense Department recognition of the Office for the Blind's bid under the Randolph Sheppard Act competitive priority. *See* 34 C.F.R. 395.33. This allowed the Office to make a bid on the food concession contract at Fort Knox.

The Office submitted its bid scheduling and price worksheets to Fort Knox on January 26, 1999. On the following day, the KBA made public its bid announcement to all eligible vendors and licensees for manager of contractual food services at Fort Knox. Apparently, twenty-five persons applied for the appointment. As part of the selection process, Mr. Johnson consulted the Upward Mobility Committee of the State Committee of Blind Vendors. The State Committee serves as the mechanism through which elected representatives of all licensed vendors advise the state licensing agency on Randolph Sheppard systemic policies and issues. *See* 20 U.S.C. 107b-1, 34 C.F.R. 395.14, and KBEP Regulations Section VIII, incorporated by reference at 782 KAR 1:010. The Upward Mobility Committee advised Mr. Johnson in the final selection process.

The Upward Mobility Committee recommended Charles Allen for the job at Fort Knox. After examining all the bids, on February 10, 1999, the Office through KBE Director Johnson appointed Charles Allen as the Randolph Sheppard vendor-manager for the Fort Knox food service operations. On February 26, 1999, Fort Knox awarded the food service contract to the Office for a one year contract with four one-year renewal options.

On February 25, 1999, Plaintiff exercised her state appeal rights as one of the unsuccessful bidders on the Fort Knox project. She requested a full evidentiary hearing on the Fort Knox vending facility decision. The Office requested the Office of the Attorney General,

Administrative Hearings Division, provide a hearing officer to conduct the administrative hearing in accordance with KRS Chapter 13b. The hearing took place seven days between May 12, 1999, and July 15, 1999. The administrative record consisted of eight volumes of transcripts from 12 witnesses with 45 exhibits. On February 14, 2000, the administrative officer entered a 29-page findings of fact, conclusions of law and an order recommending dismissal of the appeal.

On June 8, 2000, Plaintiff filed a petition for arbitration with the United States Department of Education, once again challenging Mr. Allen's appointment. The Department of Education conducted its own arbitration on April 4, 2002, and June 5, 2002. The arbitration panel admitted the entire state administrative hearing transcript and exhibits. In addition, the panel heard the testimony of six witnesses and entered seven new exhibits. On October 10, 2003, the arbitration panel upheld Mr. Allen's appointment (the "Arbitration Decision").

The decision of the arbitration panel convened under the Randolph Sheppard Act became a final decision of the United States Department of Education and was subject to judicial review under the Administrative Procedures Act, 20 U.S.C. § 107d-2(a). In such an appeal, the Court neither re-weighs the evidence nor replaces the agency's judgment with its own. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The decision of the arbitration panel is judicially reviewed under the arbitrary and capricious standard. That is, the Court should set aside the arbitration award only if it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

II.

Several of the applicants, including Plaintiff and Mr. Allen, had many years of experience and very positive work records. The Office eventually chose Mr. Allen from among

3

a number of well-qualified applicants, one of whom appears to have been Plaintiff. The Office appears to have applied the correct criteria in its initial deliberations. *See* 782 KAR 1:010, § VI(C). The record documents Mr. Allen's outstanding qualifications. He had years of experience, excellent work references and a long record of involvement in efforts on behalf of the blind. It would be difficult to second guess Defendants' determination that Mr. Allen was exceptionally well-qualified. Usually, it would not be this Court's proper role to overturn the decision of the Office as between two well-qualified candidates.

Plaintiff's primary objection focuses on the role of the Upward Mobility Committee in the selection process. According to Plaintiff, Mr. Allen was the chairman of the statewide committee that appointed the Upward Mobility Committee. As a legal matter, however, this does not disqualify members of the Committee from providing appropriate advice to Mr. Johnson. Plaintiff also says that a member of the Upward Mobility Committee attempted to change her vote, but was unable to do so. However, the Court finds the testimony of Beverly Dickerson wholly insufficient to overturn the arbitration decision. Contrary to Plaintiff's argument, it is not at all clear that Mr. Johnson misled the Upward Mobility Committee or that he disregarded evidence against Charles Allen. The state regulations specifically call for the involvement of the Office for the Blind in such decisions. 782 KAR 1:010, Section VIII.C. The arbitration panel specifically reviewed the Upward Mobility Committee's involvement and found it appropriate. The Court finds the evidence wholly insufficient to overturn that conclusion. It bears repeating, however, that the Upward Mobility Committee did not determine the final selection. Mr. Johnson evaluated the Committee's opinions along with his own.

Plaintiff also focuses upon her supposed greater seniority and program experience.

However, the choice of Charles Allen was not based upon a precise mathematical formula. Plaintiff focuses too much upon the formula used in the evaluation process. This formula was neither mandatory nor necessarily final. All the leading contenders were well-qualified and had considerable experience. The record on appeal strongly supports Mr. Allen's qualifications as among the best of several who were quite well qualified. Any critique of Mr. Johnson's judgment one way or another would not be sufficient grounds to overturn the arbitration decision.     Plaintiff also argues that the Department of Education's arbitration panel used the wrong standard in considering Plaintiff's appeal. The Court disagrees. The arbitration panel reviewed the entire record as well as some additional evidence. Based upon this review it determined that Defendants did not violate any statute or regulation in making its position. It is also clear that the arbitrators found no legal or factual basis for reaching a different conclusion.

     This Court can find absolutely no principal basis in fact or law for overturning the original selection or reversing the subsequent affirmation of the arbitration decision or the Department of Education arbitration panel under the Randolph Sheppard Act.

     Being otherwise sufficiently advised,

     IT IS HEREBY ORDERED that the decision of the Department of Education is AFFIRMED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

     This is a final and appealable order.

cc:     Counsel of Record